UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIA PEREZ,

                               Plaintiff,

         -against-

THE CITY OF NEW YORK and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name John
Doe being fictitious, as the true names are presently
unknown),

                             Defendants.
------------------------------------------------------------------------X

**COMPLAINT**
12 CV 7712

**JURY TRIAL DEMANDED**

**ECF CASE**

      Plaintiff, Maria Perez, by her attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

      4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff is a Hispanic female and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

**FACTS**

13. On March 2, 2011, at approximately 8:00 a.m., plaintiff Maria Perez was lawfully aboard a New York City No. 7 subway train at the Times Square station, County of Manhattan, City and State of New York.

14. At the aforesaid time and place, plaintiff Maria Perez was on her way to work when a defendant police officer from the New York City Police Department was standing on the platform and blocking the train doors from closing as she yelled at all the passengers to get out of the train.

15. Thereafter, the defendant police officer yelled at plaintiff Maria Perez to get off the train and informed plaintiff that was being issued a summons for walking in between train cars.

16. At no time on March 2, 2011 did plaintiff Maria Perez ever walk in between train cars.

17. Thereafter, another female defendant police officer walked over and demanded that plaintiff Maria Perez provide defendants with identification and plaintiff immediately complied.

18. As plaintiff Maria Perez handed the defendant officers her identification, one of the officer stated loudly, "we can definitely find something with her name" and falsely accused plaintiff of threatening a police officer.

19. Thereafter, the defendant officer falsely informed plaintiff Maria Perez that there was a warrant out for her arrest, even though they knew this information to be false, and immediately placed plaintiff in handcuffs.

20. Notwithstanding the lack of any incriminating evidence against plaintiff Maria Perez, defendant police officers arrested plaintiff and charged her with Resisting Arrest.

21. At no time on March 2, 2011 did plaintiff Maria Perez possess resist arrest.

22. Thereafter, defendant police officers took plaintiff Maria Perez to a police precinct in the County of Manhattan, City and State of New York.

23. As a result of this unlawful arrest, plaintiff Maria Perez spent approximately two days in jail, and was required to make multiple court appearances to defend herself against the false charges which defendants had filed against her.

24. As a result of this unlawful arrest, plaintiff Maria Perez missed a day of work.

25. Notwithstanding defendants' unlawful and perjurious conduct, on October 5, 2011, all charges against plaintiff Maria Perez were dismissed by the Honorable Felicia Mennin.

26. As a result of the foregoing, plaintiff Maria Perez sustained, <u>inter alia</u>, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation and deprivation of her constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

29. All of the aforementioned acts deprived plaintiff Maria Perez of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of defendants' aforementioned conduct, plaintiff Maria Perez was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants misrepresented and falsified evidence before the District Attorney.

38. Defendants did not make a complete and full statement of facts to the District

Attorney.

39. Defendants withheld exculpatory evidence from the District Attorney.

40. Defendants were directly and actively involved in the initiation of criminal proceedings against Maria Perez.

41. Defendants lacked probable cause to initiate criminal proceedings against plaintiff Maria Perez.

42. Defendants acted with malice in initiating criminal proceedings against plaintiff Maria Perez.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff Maria Perez.

44. Defendants lacked probable cause to continue criminal proceedings against plaintiff Maria Perez.

45. Defendants acted with malice in continuing criminal proceedings against Maria Perez.

46. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

47. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff Maria Perez's favor on October 5, 2012, when all charges against her were dismissed.

48. As a result of the foregoing, plaintiff Maria Perez sustained, <u>inter alia</u>, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation and deprivation of her constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

50. The aforementioned individual defendants issued legal process to place plaintiff Maria Perez under arrest.

51. The aforementioned individual defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

52. The aforementioned individual defendants acted with intent to do harm to plaintiff Maria Perez, without excuse or justification.

53. As a result of the foregoing, plaintiff Maria Perez sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" as if the same were more fully set forth at length herein.

55. Defendants arrested and incarcerated plaintiff Maria Perez in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

56. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

57.	The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

58.	The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff Maria Perez.

59.	The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Maria Perez as alleged herein.

60.	The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff Maria Perez as alleged herein.

61.	As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Maria Perez was incarcerated unlawfully for one day.

62.	Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff Maria Perez.

63.	Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff Maria Perez's constitutional rights.

64.	All of the foregoing acts by defendants deprived plaintiff Maria Perez of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from unwarranted and malicious criminal prosecution;

  D. Not to have cruel and unusual punishment imposed upon him; and

  E. To receive equal protection under the law.

65. As a result of the foregoing, plaintiff Maria Perez is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff Maria Perez demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
   October 10, 2012

                BY:_____
                   JON L. NORINSBERG (norinsberg@aol.com)
                   Attorney for Plaintiff
                   225 Broadway, Suite 2700
                   New York, N.Y. 10007
                   (212) 791-5396